

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-5500
Re: Is the county clerk entitled
to additional compensation
for recording tax deeds under
the facts stated?

Your letter of July 28, 1943, requesting the opinion of this department on the above stated question is as follows:

"I will appreciate your opinion on the following proposition:

"'Is the taxing unit which acquires a Sheriff's Deed to property sold at a tax sale, which Deed is a Trust Deed held by the taxing unit during the two year redemption period for itself, and in trust for the other taxing units, liable to pay the County Clerk his regular recording fee for recording said Deed?'

"Article 7332, R.C.S. provides that the County Clerk shall receive $1.00 in full for his services in a tax suit, and Article 7333, R.C.S. provides that the State and County shall not be liable for Court Costs in a Tax Suit. It seems to me that in answering the above question it is necessary to determine whether the recording fee for putting the Deed of record is a part of the service the Clerk is required to render for the $1.00 fee provided in Article 7332, or whether he is entitled to additional compensation for recording the deed."

Article 7330, Vernon's Annotated Civil Statutes, provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. Y. Cunningham, page 2

"In all cases in which lands have been sold, or may be sold, for default in the payment of taxes, the sheriff selling the same, or any of his successors in office, shall make a deed or deeds to the purchaser or to any other person to whom the purchaser may direct the deed to be made, and any such deed shall be held in any court of law or equity in this State to vest good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud."

Article 7328, Vernon's Annotated Civil Statutes, provides in part:

". . . Where the property is bid off to the State, the sheriff shall make and execute a deed to the State, using forms to be prescribed and furnished by the Comptroller, showing in each case, the amount of taxes, interest, penalty and costs for which sold and the clerk's fees for recording deeds. He shall cause such deeds to be recorded in the record of deeds by the county clerk in his county, and when so recorded, shall forward the same to the Comptroller. The county clerk shall be entitled to a fee of one dollar for recording each such deed to the State, to be taxed as other costs. . . ."

Section 9 of Article 7345b, Vernon's Annotated Civil Statutes, provides in part that:

". . . costs and expenses shall not be payable until sale by such taxing unit so purchasing same, . . ."

Article 7332, Vernon's Annotated Civil Statutes, provides in part:

". . . .

"The County Clerk shall receive One ($1.00) Dollar in full for his services in each case.

"Provided, that the fees herein provided for in connection with delinquent tax suits shall constitute the only fees that shall be charged by said

Honorable E. Y. Cunningham, page 3

officers for preparing, filing, instituting, and prosecuting suits on delinquent taxes and securing collection thereof, and all laws in conflict herewith are hereby repealed.

". . . ."

Article 7333, Vernon's Annotated Civil Statutes, provides:

"In each case such fees shall be taxed as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be liable therefor."

Section 1 of Article 3912e, Vernon's Annotated Civil Statutes, provides:

"No district officer shall be paid by the State of Texas any fees or commissions for any services performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, the assessor and collector of taxes shall continue to collect and retain for the benefit of the officers salary fund or funds hereinafter provided for, all fees and commissions which he is authorized under the law to collect; and shall be his duty to account for and to pay all such moneys received by him into the fund or funds created by and provided for under the provisions of this Act; provided further, that the provisions of this section shall not affect the payment of costs in civil cases by the State, but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties.".

Honorable K. Y. Cunningham, page 4

Navarro County has a population of 51,308 inhabitants according to the 1940 Federal Census. Therefore, the county officials of said county are compensated on an annual salary basis as required by Article 3912e, Vernon's Annotated Civil Statutes.

In answer to your question, it is our opinion that where the State of Texas is the purchasing unit the county clerk is entitled to the $1.00 fee as authorized by Article 7332, supra, and the additional fee of $1.00 for recording the deed as authorized by Article 7328, supra, to be taxed as other costs in the case. When the county is the purchasing unit, the county clerk would not be entitled to any additional compensation for recording the deed when the said deed is recorded by the county purchasing the real property. In other words, when the county is the purchasing unit, the $1.00 fee authorized by Article 7332 is the only compensation to which the county clerk would be legally entitled.

It is our further opinion that when any other taxing unit mentioned in Article 7345b, Vernon's Annotated Civil Statutes, purchases the property and has the deed recorded, the county clerk would be entitled to the regular recording fees as authorized by law. However, in counties where the county officials are compensated on a salary basis, such fees when collected must be deposited in the Officers' Salary Fund as required by the Officers' Salary Law. In other words, the county clerk would not be entitled to retain said fees personally in counties where the county officers are compensated on an annual salary basis.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:db

APPROVEDAUG 30 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY CHAIRMAN